IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| UNITED STATES OF AMERICA, | ) | Cause No. CR 09-04-M-DWM |
|---|---|---|
| | ) | CV 11-63-M-DWM |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING § 2255 MOTION |
| | ) | AND DENYING CERTIFICATE |
| DANIEL LYN BENNETT, | ) | OF APPEALABILITY |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |

On April 19, 2011, Defendant/Movant Daniel Lyn Bennett filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Bennett is a federal prisoner proceeding pro se.

Two of Bennett's claims were denied before the United States was required to Answer. One remains. Bennett claims trial counsel was ineffective because he did not argue for a lower drug amount to be attributed to Bennett before he pled guilty or at sentencing. Mot. § 2255 (doc. 289) at 4; *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

"In sentencing a defendant convicted of conspiracy to distribute a controlled substance, a district court may not automatically count as relevant conduct the entire quantity of drugs distributed by the conspiracy." *United States v. Banuelos*, 322 F.3d 700, 704 (9th Cir. 2003). Bennett's claim implicated both his sentence and his guilty plea. Mot. § 2255 at 4 ("Prior to pleading guilty counsel . . . did not argue to get a lower amount of the drugs attributed to defendant"). Because there was some indication in the record that Bennett's involvement in the conspiracy may have ended in the early fall of 2007, Presentence Report at 10 ¶ 28 ("After about 5 weeks I moved back to Spokane and broke off contact."), the United States was required to respond to Bennett's first claim. Order Denying Two Claims (doc. 293) at 5-6 ¶ 2.

The United States filed its Answer on July 28, 2011, and supplemented its response on September 14, 2011. Bennett was advised on three separate occasions that he could file a reply and could challenge the correctness of the documents filed by the United States. Order (doc. 293) at 6 ¶ 3; Letter (doc. 297) at 1; Order (doc. 299) at 3 ¶ 2; *see also* Rule 7(a), (c), § 2255 Rules. He submitted a letter on July 27, 2011 (doc. 296), but he has not filed anything since then.

Bennett acknowledged responsibility for at least 500 grams of a substance containing methamphetamine. Change of Plea Tr. (doc. 272) at 22:12-23:15. Five hundred grams is only 1.1023 pounds. I have reviewed the discovery and the CD

recordings of interviews with witnesses, all of which were provided to counsel in March and April 2009. Supp. (doc. 300) at 2. Co-defendant Lake said there were two or three occasions when he and Fraleigh brought a pound of methamphetamine from Spokane to Kalispell, and Bennett was present on those occasions. CD 300111 at 42:38-42:55. At an absolute minimum, Bennett was undoubtedly responsible for 907.18 grams of methamphetamine. Consequently, counsel's advice to admit responsibility for at least 500 grams of methamphetamine was both reasonable and helpful to Bennett. He would have been convicted at trial, and he would have been held responsible for at least 500 grams of methamphetamine. His guilty plea earned him a three-level reduction in his offense level. U.S.S.G. § 3E1.1.

As for sentencing, Bennett's Presentence Report set a base offense level of 34, corresponding to a quantity of 1.5 to 5 kilograms of methamphetamine. He received a two-level upward adjustment for possession of a dangerous weapon. With all adjustments, his total offense level was 33, and his criminal history category was VI. (He had a startling 29 criminal history points.) His advisory guideline range was 235-293 months. Sentencing Tr. (doc. 273) at 7:14-8:7.

One can make an argument that counsel should have attempted to obtain a reduction in the amount of methamphetamine for which Bennett was responsible. But that would have been a risky proposition. The guidelines are only advisory, and their

3

application is not merely mechanical. Had Bennett received a lower base offense level of 32, corresponding to 900 grams, his advisory guideline range would have been 188-235 months. It was troubling, as I said at sentencing, that the United States could not offer a coherent explanation as to why the case agent's and case lawyer's combined recommendation for a reduction under U.S.S.G. § 5K1.1 should not be honored. But that fact would not have been so troubling to me if Bennett's advisory range had been 188-235, because that range represented a reasonable sentence for the extent of his involvement and his conduct in the course of the conspiracy. After all, Bennett kidnaped Shirley, and Bennett not only possessed but possibly even brandished a weapon, Presentence Report ¶ 15, although no special guideline factors were applied for those acts, *e.g.*, U.S.S.G. §§ 2D1.1(b)(2).

In effect, Bennett received a two-level downward departure because I did not believe the advisory guideline range offered a sentence that was "sufficient, but not greater than necessary," to comply with Congress's sentencing objectives. 18 U.S.C. § 3553(a). Bennett was sentenced to 200 months in prison because, "when I consider[ed] all of those factors" that Congress believes are important, "I [thought] that a sentence of 200 months [met] the criteria the Congress has articulated." Sentencing Tr. at 19:24-20:1.

On this record, and with the support of the ringleader's direct attribution of a

minimum of two pounds of methamphetamine to Bennett, it is impossible to find that counsel's performance was unreasonably deficient or that any errors on his part prejudiced Bennett. Though Bennett claims "given proper counsel he would not have rec[ei]ved more than 100 months," Letter (doc. 296) at 1, that claim is wildly off the mark. Moses could not have gotten Bennett anywhere near 100 months.

Finally, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

All three of Bennett's claims lack merit. His second and third claims allege false statements by counsel, but both depend on the assumption that his sentence was based on selling or transporting methamphetamine. It wasn't. Bennett was convicted and sentenced because he was Lake's bodyguard and enforcer, and while he was responsible for Lake, he was responsible for Lake's drugs. Bennett's first claim also

lacks merit, because Bennett plainly was guilty of conspiring to distribute or possess with intent to distribute a substance containing at least 500 grams of methamphetamine. Further, though reasonable attorneys might have argued for a one-level-lower base offense level, Bennett received significant breaks in other areas of the advisory guideline calculation in the determination and imposition of a sentence that fit his involvement and conduct in the course of the conspiracy, his history, and all the other factors set forth in 18 U.S.C. § 3553(a). Counsel would have faced losing those breaks in exchange for a slight reduction in the base offense level. Counsel's performance was not only reasonable but good. He did not prejudice Bennett.

Reasonable jurists would find no basis for a Sixth Amendment violation, and there is no reason to encourage further proceedings in this case. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Bennett's claim that counsel was ineffective because he did not argue for a lower drug amount is DENIED;

2. All claims having been denied, Bennett's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 289) is DENIED;

lacks merit, because Bennett plainly was guilty of conspiring to distribute or possess with intent to distribute a substance containing at least 500 grams of methamphetamine. Further, though reasonable attorneys might have argued for a one-level-lower base offense level, Bennett received significant breaks in other areas of the advisory guideline calculation in the determination and imposition of a sentence that fit his involvement and conduct in the course of the conspiracy, his history, and all the other factors set forth in 18 U.S.C. § 3553(a). Counsel would have faced losing those breaks in exchange for a slight reduction in the base offense level. Counsel's performance was not only reasonable but good. He did not prejudice Bennett.

Reasonable jurists would find no basis for a Sixth Amendment violation, and there is no reason to encourage further proceedings in this case. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Bennett's claim that counsel was ineffective because he did not argue for a lower drug amount is DENIED;

2. All claims having been denied, Bennett's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 289) is DENIED;

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Bennett files a Notice of Appeal;

4. The Clerk of Court shall ensure that all pending motions in this case and in CV 11-63-M-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Bennett.

DATED this 24th day of November, 2011.

Donald W. Molloy
United States District Court